**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOAN HAWKINS, as Personal**
**Representative of the Estate**
**of Yolanda Evetta Anderson,**

              **Plaintiff,**

**-vs-**                                              **Case No. 6:07-cv-1261-Orl-19GJK**

**DONALD F. ESLINGER, in his official**
**capacity of Sheriff of Seminole**
**County, Florida,**

              **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion of Defendant to Dismiss the Third Amended Complaint (Doc. No. 58, filed Feb. 29, 2008);

2. Response of Plaintiff in Opposition to Motion to Dismiss Third Amended Complaint (Doc. No. 59, filed Mar. 19, 2008); and

3. Supplement to Motion to Dismiss the Third Amended Complaint (Doc. No. 63, filed Mar. 28, 2008).[1]

---

[1] The Court granted Defendant leave to file a supplement to his Motion to Dismiss. (Doc. No. 62, filed Mar. 27, 2008.)

**Background**

Plaintiff Joan Hawkins originally filed this suit in state court on January 30, 2007, alleging that Defendant violated 42 U.S.C. section 1983 and was liable for negligence under Florida law. [2] (Doc. No. 2, filed Aug. 7, 2007.) Defendant removed the case to this Court on August 7, 2007. (Doc. No. 1.) On September 20, 2007, the Court granted in part Defendant's Motion to dismiss Plaintiff's Amended Complaint. (Doc. No. 25.) Although Plaintiff failed to respond to Defendant's Motion, the Court nevertheless analyzed Plaintiff's claims and determined that she pled a viable cause of action for negligence under Florida law. (*Id.* at 13-15.) However, the Court dismissed Plaintiff's claims under section 1983 without prejudice, finding that Plaintiff failed to allege an underlying violation of federal law. (*Id.* at 16.)

Plaintiff then filed a Second Amended Complaint which reasserted a claim against Defendant under section 1983. (Doc. No. 27, filed Oct. 1, 2007.) On January 24, 2007, the Court again dismissed Plaintiff's section 1983 claim without prejudice, giving Plaintiff one additional opportunity to amend her complaint. (Doc. No. 54 at 21.)

Plaintiff has filed a Third Amended Complaint in this matter, again seeking to assert a section 1983 claim against Defendant. (Doc. No. 55, filed Feb. 6, 2008.) On February 29, 2008, Defendant filed a third Motion to dismiss, arguing that Plaintiff failed to state a claim under section

---

[2] This suit arises from the murder of Yolanda Anderson by Richard Anderson, her ex-husband and a Seminole County sheriff's deputy. (Doc. No. 55, ¶¶ 9-38.) The crux of Plainitff's claim is that Defendant's officers responded to several domestic violence incidents without arresting Richard Anderson. (*Id.*) Plaintiff also alleges that Defendant's officers seized Richard Anderson's firearm and then returned it without following proper procedures. (*Id.*) These facts are explained in greater detail in the Court's previous two Orders. (Doc. Nos. 25, 54.)

1983. (Doc. No. 58.) Defendant requests that the Court remand this case upon dismissing Plaintiff's federal cause of action. (*Id.* at 5.)

## Standard of Review

For purposes of a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from the pleading. *E.g.*, *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds). The Court must limit its consideration to this pleading and the written instruments attached to it as exhibits. Fed. R. Civ. P. 12(d); *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

## Analysis

Plaintiff has again failed to state a claim under section 1983. Plaintiff's Third Amended Complaint seeks to establish a "class of one" violation of equal protection. (Doc. No. 55, ¶¶ 51-64.) In other words, Plaintiff contends that Defendant violated the Fourteenth Amendment by adopting a policy which was directed solely at discriminating against Yolanda Anderson, the individual whose estate Plaintiff represents in this litigation. The Eleventh Circuit has explained that a plaintiff asserting a "class of one" claim must allege the existence of a similarly-situated individual who was treated more favorably. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1204-05 (11th Cir. 2007). The rationale behind this requirement is to allow the court to determine whether the plaintiff's treatment

was actually the result of discrimination, as opposed to a decision based on facts peculiar to the plaintiff's situation. *See id.* The court noted that other circuits require the comparator to be "prima facie identical in all relevant respects." *Id.* (quoting *Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002)). Turning to the standard in this Circuit, the court held that "when plaintiffs in 'class of one' cases challenge the outcome of complex, multi-factored government decision-making processes, similarly situated entities 'must be very similar indeed.'"[3] *Id.* (quoting *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004)). Thus, "[a] 'class of one' plaintiff might fail to state a claim by omitting key factual details in alleging that it is 'similarly situated' to another."[4] *Id.*; *see also GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1367-68 (11th Cir. 1998) ("[T]he complaint does not present a single instance in which a similarly situated developer was granted a permit; it merely alleges that nameless, faceless 'other' permit applicants were given better treatment. Bare allegations that 'other' applicants, even 'all other' applicants, were treated differently do not state an equal protection claim . . . .").

---

[3] Plaintiff contends that "[t]he only class of one federal appellate opinions discussing plaintiffs' failure to meet heightened pleading requirements are opinions addressing qualified immunity defenses raised by individual defendants." (Doc. No. 59 at 2.) Even if true, the distinction is of no consequence. The Eleventh Circuit's decision in *Griffin Industries* does not frame the necessity of alleging sufficiently detailed facts as a component of qualified immunity. *Griffin Indus., Inc.*, 496 F.3d at 1201-05. Rather, the court's discussion concerned the nature of "class of one" claims and the need to provide sufficient information for courts to determine whether a challenged decision constitutes impermissible discrimination. *Id.* Thus, the court's analysis applies with equal force to cases in which qualified immunity is not at issue.

[4] Plaintiff relies heavily on two cases from the Second Circuit which have rejected the position that "class of one" claims are subject to a heightened pleading requirement. (Doc. No. 59 at 4 (citing *Harlen Assocs. v. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001); *Neilson v. D'Angelis*, 409 F.3d 100, 106 (2d Cir. 2005)).) Although the Eleventh Circuit has not explicitly adopted a heightened pleading requirement, it does require a plaintiff to include "key factual details" in alleging the existence of a similarly-situated person. *Griffin Indus., Inc.*, 496 F.3d at 1205. To the extent the Second Circuit has determined otherwise, the Court must disregard its reasoning in favor of binding case law f rom the Eleventh Circuit.

Logically, a greater level of discretion in the challenged decision necessitates a greater level of "factual detail" to allow a court to determine whether the government arbitrarily singled out the plaintiff for disparate treatment. *See Griffin Indus., Inc.*, 496 F.3d at 1204-05. Other circuits have analyzed "class of one" claims in the specific context of a law enforcement officer's decision whether to enforce applicable laws. For example, the Tenth Circuit has explained that:

> [F]or selective and reverse-selective enforcement claims, the plaintiff must "provide compelling evidence of other similarly situated persons who were in fact treated differently," because "the multiplicity of relevant (nondiscriminatory) variables" involved in law enforcement decisions "are not readily susceptible to the kind of analysis the courts are competent to undertake" in assessing equal protection claims.

*Grubbs v. Bailes*, 445 F.3d 1275, 1282 (10th Cir. 2006) (quoting *Jennings v. City of Stillwater*, 383 F.3d 1199, 1214-15 (10th Cir. 2004)); *see also Lunini v. Grayeb*, 395 F.3d 761, 769-70 (7th Cir. 2005) ("Lunini has presented no evidence that the police officers treated him differently than other citizens in the context of domestic violence incidents. Lunini identifies no similarly situated individual who has been treated differently by Peoria police, and there is no indication that the Peoria Police Department always arrests an alleged assailant when responding to a domestic violence report--indeed we would be surprised and alarmed if this were the case.").

In this case, Plaintiff omits all factual details, alleging only that "similarly situated complainants and victims of domestic violence in Seminole County" exist. (Doc. No. 55, ¶¶ 59-60.) The Eleventh Circuit's decision in *Griffin Industries* did not specifically adopt a heightened pleading standard for "class of one" claims in this Circuit. *Griffin Indus., Inc.*, 496 F.3d at 1205. However, *Griffin Industries* did illustrate that a "class of one" claim *must be pled* in a manner that allows the court to determine whether the particular challenged government action was the result of discrimination. *Id.* In light of the complex and often discretionary decision-making process inherent

in law enforcement, Plaintiff's allegation is insufficient to state a claim that Defendant singled out Yolanda Anderson as a "class of one."

Significantly, Plaintiff "omit[s] *key factual details* in alleging" that other victims of domestic violence were similarly-situated to Yolanda Anderson. *Id.* (emphasis added). In this case, the decisions not to arrest Richard Anderson and to return his firearm could have been based on any number of "relevant (nondiscriminatory) variables." *Grubbs*, 445 F.3d at 1282. As just one example, the decisions could have been prompted by an erroneous belief that Deputy Anderson, as a fellow law enforcement officer, posed no serious threat to his ex-spouse.

Plaintiff relies heavily on this Court's decision in *Cape Canaveral Shrimp Co., Inc. v. Canaveral Port Authority Board of Commissioners*, No. 6:07-cv-949-ORL-19DAB, 2007 WL 2819659, at *1 n.2 (M.D. Fla. Sept. 25, 2007), to argue that a "class of one" plaintiff may omit factual details in alleging the existence of a similarly-situated comparator. In that case, the Court rejected the defendant's argument that a "class of one" claim was subject to a heightened pleading standard because the defendant appeared to "confuse" the applicable standard "with the heightened standard of pleading required in cases alleging RICO violations." *Id.* A review of the record reveals that the arguments before the Court in *Cape Canaveral Shrimp Co., Inc.* differed significantly from the arguments in the instant case and did not address the need to allege the existence of a similarly-situated comparator. In any event, as Defendant notes, the instant facts involve a much more complicated and discretionary decision than in *Cape Canaveral Shrimp Co.*, where a local government imposed certain security requirements against businesses on one street while omitting the same requirements for businesses elsewhere. *See id.* Since, as explained above, the decisions whether to arrest Deputy Anderson and return his handgun are "complex" and "multi-factored," the

nature of Plaintiff's claim necessitates a greater level of detail in alleging the existence of a similarly-situated comparator. *Griffin Indus., Inc.*, 496 F.3d at 1205.

Finally, Plaintiff argues that the Court should disregard the similarly-situated comparator requirement altogether because it exists only to provide an "inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose – whether personal or otherwise – is all but certain." (Doc. No. 59 at 5-6 (quoting *Neilson*, 409 F.3d at 105).) Thus, Plaintiff argues:

> [I]n a case like [this], where government corruption and selective enforcement are alleged and intended to be proven, the inference of the government's improper motive and lack of rational basis is not necessary because the lack of rational basis and improper motive for Sheriff's selective non-enforcement of and non-compliance with Florida's domestic violence laws will be established by more direct proof.

(*Id.* at 6.) Essentially, Plaintiff is arguing that a "direct evidence" exception should exist to the requirement of alleging a similarly-situated comparator in "class of one" cases. However, Plaintiff does not cite any legal support for her argument, and the Court is unable to locate any other cases that have adopted this approach. Moreover, the appellate courts have expressed concern over the scope of potential liability imposed by "class of one" claims. *See, e.g.*, *Griffin Indus., Inc.*, 496 F.3d at 1203; *Jennings*, 383 F.3d at 1214-15. Plaintiff's proposed exception could expand this liability by creating an end-run around an essential component of establishing a "class of one" claim. *Griffin Indus., Inc.*, 496 F.3d at 1202 (explaining that a plaintiff who fails to allege the existence of a similarly-situated comparator "has not met its burden of showing that the defendant's conduct violated a right embodied in the Constitution").

Thus, Plaintiff's failure to allege the existence of a factually-similar comparator means there is no way to determine whether Yolanda Anderson was *discriminated* against as a "class of one,"

or whether she was simply the victim of poor law enforcement. The first scenario is actionable under section 1983 and the Equal Protection Clause; the second is not.[5] Accordingly, Plaintiff has not stated a claim upon which relief can be granted.[6]

The Court **GRANTS** the Motion of Defendant to Dismiss the Third Amended Complaint (Doc. No. 58, filed Feb. 29, 2008). Count II of the Third Amended Complaint is **DISMISSED WITH PREJUDICE**. Count I of the Third Amended Complaint remains pending before the Court.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 15__, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[5] As noted by the Tenth Circuit: "[A] certain degree of randomness and irrationality necessarily 'abounds at the bottom rung of law enforcement' . . . . An insistence that all government officials be able to provide articulable[,] reasonable grounds for every difference in treatment would open almost every low-level decision to attack, and play havoc with the daily operation of government." *Jennings*, 383 F.3d at 1211 (10th Cir. 2004) (quoting *Bell v. Duperrault*, 367 F.3d 703, 712 (7th Cir. 2004) (Posner, J., concurring)). This Court has previously acknowledged that Plaintiff's allegations are both tragic and disturbing. However, the Supreme Court has repeatedly cautioned lower courts not to transform tortious behavior into violations of the Federal Constitution. *See, e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). In this case, Plaintiff has established a potential remedy in Florida tort law; she has not alleged facts sufficient to establish a remedy in section 1983 and the Fourteenth Amendment.

[6] Defendant requests that this case be remanded upon dismissal of Plaintiff's federal cause of action. (Doc. No. 58 at 5.) Defendant has not provided any argument in support of his request, and Plaintiff has not indicated whether she supports or opposes remand. Accordingly, the Court will deny Defendant's request without prejudice and retain supplemental jurisdiction over Plaintiff's claim.